**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
                               :

AMOR DORIGO, on behalf of himself and all   :
others similarly situated,                         :
                               :

            Plaintiff,             :   Civil Action No.
                               :

vs.                            :   **CLASS ACTION COMPLAINT AND**
                             :   **JURY TRIAL DEMAND**

THE GROGAN LAW GROUP, LLC,        :
                               :

            Defendant.          :
                               :
———————————————————X

Plaintiff AMOR DORIGO (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant THE GROGAN LAW GROUP, LLC of Morris County, New Jersey, (hereinafter "Defendant"), its employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action for actual and statutory damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because

jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this

jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer,"

"debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt

collection practices provides for the initiation of court proceedings to enjoin violations of

the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of Bergen County, in the State of

New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.      Based upon information and belief defendant THE GROGAN LAW

GROUP, LLC ("the Grogan Law Group") is a limited liability company organized under

2

the laws of the State of New Jersey with its principle place of business located in Morristown, New Jersey.

      9.     Based upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

      10.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who received collection lawsuits from the Defendant which are in violation of the FDCPA, as described in this Complaint.

      11.    This Action is properly maintained as a class action.

    •    All New Jersey consumers against whom Defendant filed a collection lawsuit and which included the alleged conduct and practices described herein.

    The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

      12.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

    •    Upon information and belief, the Class is so numerous that joinder of

all members is impracticable because there are hundreds and/or thousands of persons who have received collection lawsuits that were not filed in either the county in which the consumer signed the contract sued upon or in the county in which the consumer did not reside at the commencement of the action.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendant violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

4

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendant's conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## <u>STATEMENT OF FACTS</u>

13.     Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is

defined by 15 U.S.C. §1692a(3).

14.    Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

15.    Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

16.    Sometime prior to February 19, 2019, Plaintiff allegedly incurred a financial obligation to AHS Hospital Corp, d/b/a Morristown Medical Center related to medical services totaling $2,889.51 ("the Debt").

17.    The alleged medical services giving rise to the Debt and the place that the services were rendered were both in Morris County.  Any contract signed for the medical services was signed in Morris County.

18.    The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19.    The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    AHS Hospital Corp, d/b/a Morristown Medical Center is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.    Sometime prior to February 19, 2019, AHS Hospital Corp, d/b/a Morristown Medical Center, either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendant for collection.

22.    At the time the Debt was assigned, placed or transferred to Defendant the Debt was in default.

23.    On or about, February 19, 2019, Defendant filed a lawsuit against Plaintiff

on behalf of AHS Hospital Corp, d/b/a Morristown Medical Center entitled <u>AHS Hospital Corp, d/b/a Morristown Medical Center v. Amor P Dorigo</u>, Hud-DC-001935-19 ("the State Court Action") in Hudson County in the New Jersey Superior Court of New Jersey, Law Division, Special Civil Part, to recover $2,889.51 related to the Debt.

24.    At the time that the State Court Action was filed, Defendant was a resident of Bergen County, and not Hudson County.

25.    On or about April 16, 2019, the Hudson County Superior Court, based upon its own motion, transferred the State Court Action to the Bergen County Special Civil Part.  Attached as Exhibit A is a copy of the Order to Transfer.

26.    After the State Court Action was transferred to Bergen County, and assigned Case No. Ber-DC-07214-19, a default judgment was entered against Plaintiff on September 6, 2019 in the amount of $3,019.30.

27.    Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

28.    Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

29.    Defendant violated Plaintiff's rights not to be the target of misleading debt collection communications.

30.    Defendant violated Plaintiff's right to a trustful and fair debt collection process.

31.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

32.    Defendant's communications were designed to cause Plaintiff to suffer a

harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

33.     The documents Defendant filed the Court provided confusing and incorrect information and caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

34.     Defendant's communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

35.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

36.     As a result of Defendant's conduct, Plaintiff suffered an actual, concrete injury as a result of Defendant's failure to provide Plaintiff information required under the FDCPA.

37.     The failure of Defendant to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

38.     Defendant's failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

39.     The deceptive communication additionally violated the FDCPA since it

8

frustrated Plaintiff's ability to intelligently choose a response.

## POLICIES AND PRACTICES COMPLAINED OF

40.    It is Defendant's policy and practice to file collection lawsuits against consumers which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    By filing lawsuits in judicial district in which the consumer did not reside at the time the suit was filed or in which the contract for goods and/or services was not signed;

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

41.    On information and belief, Defendant filed lawsuits in the improper venue with respect to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

42.    Plaintiff repeats the allegations contained in paragraphs 1 through 41 as if the same were set forth at length.

43.    Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

44.    By filing collection lawsuits against consumers in improper venues, Defendant violated:

A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. § 1692e(5) by filing collection actions in a court in a county in which the consumer neither resided at the time suit was filed nor in which the contract for goods and/or services was signed;.

C.  15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

D.  15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

E.  15 U.S.C. § 1692i(a)(2) by filing collection actions in a court in a county in which the consumer neither resided at the time suit was filed nor in which the contract for goods and/or services was signed;.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(b) Awarding pre-judgment interest;

(c) Awarding post-judgment interest;

(d) Awarding reasonable attorneys' fees, costs and expenses; and

(e) Awarding Plaintiff and the Class such other and further relief as the Court may

deem just and proper.

Dated:   Rutherford, New Jersey
          January 5, 2020

Respectfully submitted,

By: s/ Lawrence C. Hersh
     Lawrence C. Hersh, Esq.
     17 Sylvan Street, Suite 102B
     Rutherford, NJ  07070
     (201) 507-6300
     *Attorney for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby

certify to my own knowledge and based upon information available to me at my office,

the matter in controversy is not the subject of any other action now pending in any court

or in any arbitration or administrative proceeding.

Dated: January 5, 2020                         By: s/ Lawrence C. Hersh
                                                    Lawrence C. Hersh, Esq

11

EXHIBIT A

APR 16, 2019

PREPARED BY THE COURT

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
HUDSON COUNTY

DOCKET NO.: DC-001935-19

AHS HOSPITAL CORP, d/b/a
MORRISTOWN MEDICAL
CENTER

          Plaintiff(s)

          SPECIAL CIVIL ACTION

Vs.

          ORDER TO TRANSFER

AMOR P. DORIGO AND/OR
JOHN DOE (1-10)

          Defendant(s)

This matter having been brought by the Court, on its own motion, as it appears hereon that venue does not lie in this County and service having already been effectuated, and for other good cause being shown herein;

It is on this __16th__ day of _____APRIL_____, 2019 **ORDERED THAT**

1. The above matter is hereby transferred to the correct venue, the Bergen County Special Civil Part Court, in accordance with New Jersey Court Rule 6:1-3, and

2. It is further ordered that a copy of this order be served by the court upon those parties that do not participate in electronic filing by ordinary mail within __7__ days of the date hereof.

**JOSEPH A. TURULA, P.J.CV.**